IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANUEL WILSON,

    Plaintiff,                        No. CIV 2:10-cv-1156-LKK-JFM (PS)

    vs.

ALLIED-BARTON SECURITY SERVICES,          ORDER AND

    Defendant.              FINDINGS & RECOMMENDATIONS

_____/

        Pending before this court is defendant Allied-Barton Security Services' ("Allied-Barton's") motion to dismiss. The court has determined that the matter shall be submitted upon the record and briefs on file and, accordingly, the date for hearing of this matter shall be vacated. Local Rule 230. Upon review of the motion and the documents in support and opposition, and good cause appearing therefor, THE COURT MAKES THE FOLLOWING FINDINGS:

FACTUAL AND PROCEDURAL BACKGROUND

        The allegations in the complaint are scarce. However, review of the complaint and the exhibits attached to it[1] reveal that plaintiff was employed at Washington University in St.

---

[1] The court is permitted to consider material properly submitted as part of the complaint, documents not physically attached to the complaint if their authenticity is not contested and the complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

1

1   Louis, Missouri through Allied-Barton.  On January 22, 2008, plaintiff's employment at Allied-
2   Barton was terminated after he took off six days from work due to an unidentified disability.
3   Plaintiff asserts that his dismissal was because of his disability.
4            On March 21, 2008, plaintiff filed a complaint with the Missouri Commission on
5   Human Rights and the Equal Employment Opportunity Commission ("the EEOC") against
6   Washington University claiming that he was discharged from his job because of his disability.
7   Compl. at 2.
8            On May 19, 2008, plaintiff filed an identical complaint against Allied-Barton.  See
9   Req. for Judicial Notice, Ex. A.
10           On February 18, 2009, plaintiff was mailed a Dismissal and Notice of Rights letter
11  from the EEOC as to his complaint against Washington University.  Compl. at 3-4.  Therein,
12  plaintiff was informed that the EEOC file was closed because the agency adopted the findings of
13  the state or local fair employment practices agency that investigated plaintiff's charge.[2]  Id.
14  Plaintiff was also advised that, if he wished to file a lawsuit pursuant to Title VII, the Americans
15  with Disabilities Act and/or the Age Discrimination in Employment Act, such suit must be filed
16  within 90 days of plaintiff's receipt of the letter.  Id.
17           On April 7, 2009, plaintiff was mailed an identical letter concerning his claim
18  against Allied-Barton.  See Req. for Judicial Notice, Ex. B.
19           On May 11, 2010, plaintiff filed a complaint in this court against Washington
20  University School of Medicine and Apryle Cotton alleging violations of the Americans with
21  Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.  See Case No. 2:10-cv-1157-LKK-KJM.
22  That case was transferred to the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b).  Id.
23  Doc. No. 3.  Upon transfer, the case was dismissed as time-barred pursuant to 42 U.S.C.
24  § 12117(a).  Req. for Judicial Notice, Ex. E.
25
26         [2] Neither the investigating agency nor its findings are identified and/or discussed.

1        Also on May 11, 2010, plaintiff filed the instant complaint pursuant to the ADA.
2 Plaintiff seeks back-pay and "whatever else this court deems just and proper."
3                                          STANDARDS
4        The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal
5 sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.
6 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of
7 sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901
8 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to
9 relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct.
10 1955, 1974 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to
11 grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.
12        In determining whether a complaint states a claim on which relief may be granted,
13 the court accepts as true the allegations in the complaint and construes the allegations in the light
14 most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.
15 United States, 915 F.2d 1242, 1245 (9th Cir. 1989).
16        The court is permitted to consider material properly submitted as part of the
17 complaint, documents not physically attached to the complaint if their authenticity is not
18 contested and the complaint necessarily relies on them, and matters of public record. Lee v. City
19 of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). Matters of public record include
20 pleadings and other papers filed with a court. Mack v. South Bay Beer Distributors, 798 F.2d
21 1279, 1282 (9th Cir. 1986). The court need not accept as true conclusory allegations,
22 unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt,
23 643 F.2d 618, 624 (9th Cir. 1981).
24 /////
25 /////
26 /////

DISCUSSION

1. <u>Judicial Notice</u>

Defendant requests that the court take judicial notice of plaintiff's filings with the EEOC, as well as a lawsuit initiated by plaintiff in this court that was subsequently transferred to and dismissed as time-barred by the Eastern District of Missouri. Judicial notice may be taken of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Additionally, a court may take judicial notice of "matters of public record." <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001). Accordingly, defendant's request is granted.

2. <u>Improper Venue</u>

Defendant first argues that plaintiff's suit should be dismissed due to improper venue.

A party may bring a motion asking the court to dismiss the action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). When venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). It is the plaintiff's burden to show that venue is proper. See <u>Piedmont Label Co. v. Sun Garden Packing Co.</u>, 598 F.2d 491, 496 (9th Cir. 1979) ("Plaintiff had the burden of showing that venue was properly laid in the Northern District of California."). On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3), "the pleadings need not be accepted as true, and the court may consider facts outside of the pleadings." <u>Murphy v. Schneider National, Inc.</u>, 362 F.3d 1133, 1137 (9th Cir. 2004) (citations omitted). Dismissal, rather than transfer, may be appropriate where the transfer would be futile because the case would be dismissed even after transfer. See <u>Altin Havayolu Tasamaciligi Turizm Ve Tic v. Sinnarajah</u>, 2008 WL 691851, *5 (N.D. Cal.,2008) (citing <u>King v. Russell</u>, 963 F.2d 1301, 1304 (9th Cir. 1992)).

1          Pursuant to the venue statute, 28 U.S.C. § 1391(e), a plaintiff may assert venue in
2  "any judicial district in which (1) a defendant in the action resides, [or] a substantial part of the
3  events or omissions giving rise to the claim occurred, or a substantial part of property that is the
4  subject of the action is situated." Id. Here, there is no dispute that this action arises from events
5  that occurred in St. Louis, Missouri, and that defendant resides in Missouri. It is evident, then,
6  that venue is proper in the Eastern District of Missouri and not in this court.
7          Having found that venue in this court is improper, the court has two options: (1)
8  dismiss the action, or (2) transfer venue to the Eastern District of Missouri if it is in the interests
9  of justice to do so. See 28 U.S.C. § 1406(a). For the reasons set forth below, the undersigned
10 finds that transfer would be futile and, therefore, recommends dismissal.
11 3.     Statute of Limitations
12         Defendant argues that dismissal is appropriate because plaintiff's claim is time-
13 barred as plaintiff failed to file a lawsuit within ninety days of receiving notice of his right to sue
14 from the EEOC.
15         A plaintiff must file suit in federal district court alleging violations of the ADA
16 and Title VII within ninety days of receipt of a right-to-sue notice from the EEOC. 42 U.S.C.
17 § 2000e-5(f)(1); Mann v. American Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003). A suit is
18 deemed filed when a complaint is submitted to the clerk along with the filing fee. See Fed. R.
19 Civ. P. 3. Where the plaintiff is unable to pay the filing fee, he may submit a petition to the court
20 to proceed in forma pauperis ("IFP"). If the judge approves the IFP petition, the complaint is
21 deemed filed upon the judge's approval. See Williams-Guice v. Board of Educ., 45 F.3d 161,
22 162 (7th Cir. 1995) (interpreting 28 U.S.C. § 1915(a)).
23         Here, plaintiff's ninety-day period began running after his receipt of the EEOC
24 letter mailed on April 7, 2009. Although there is no declaration from plaintiff as to when he
25 actually received the letter, the court will, for purposes of this motion, assume that plaintiff
26 received it within one month of its mailing. As such, plaintiff had ninety days to file this action.

1   This action, however, is considered to have commenced on May 19, 2010 when plaintiff's IFP
2   application was granted.  This was clearly beyond the requisite time period.
3           Although "[t]he court does not have the power to alter the 90 day statute of
4   limitations" Mann, 324 F.3d at 1090, in some instances courts have suspended the statute of
5   limitations if equity requires such action.  For instance, courts sometimes apply the doctrine of
6   equitable estoppel, which is also known as "fraudulent concealment."  See, e.g., Humphries v.
7   CBOCS W., Inc., 343 F. Supp. 2d 670, 674 (N.D. Ill. 2004).  Under this exception, a limitations
8   period is suspended when a defendant takes active steps to prevent the plaintiff from timely
9   suing, such as by hiding evidence or promising not to plead the statute of limitations.  Santa
10  Maria v. Pacific Bell, 202 F.3d 1170, 1176-77 (9th Cir. 2000); Humphries, 343 F. Supp. 2d at
11  674.  However, equitable estoppel is not applicable here since plaintiff's complaint neither
12  alleges nor provides a basis to suspect that defendant purposely hindered plaintiff's ability to file
13  a timely complaint.
14          A second exception is the doctrine of equitable tolling.  Santa Maria, 202 F.3d at
15  1176-77; Humphries, 343 F. Supp. 2d at 674.  Equitable tolling permits a plaintiff to avoid the
16  bar of the statute of limitations if despite all due diligence he is unable to obtain vital information
17  bearing on the existence of his claim.  Id.  Unlike equitable estoppel, equitable tolling does not
18  depend on any wrongful conduct by the defendant to prevent the plaintiff from suing; rather, it
19  focuses on whether there was excusable delay by the plaintiff.  Santa Maria, 202 F.3d at 1176-77.
20  As was the case with the first exception, plaintiff's complaint neither alleges nor provides a basis
21  to infer that his untimely filing was the result of his inability to obtain information that was
22  essential to establishing his claim.  In fact, the opposite appears true.  Plaintiff has, since the time
23  he worked for defendant to the time of his discharge, known all the relevant facts.
24          As such, defendant's motion to dismiss should be granted and this action
25  dismissed with prejudice.
26  /////

Accordingly, IT IS HEREBY ORDERED that the May 5, 2011 hearing on defendant's motion to dismiss is vacated; and

IT IS HEREBY RECOMMENDED that

1. Defendant's motion to dismiss be granted; and

2. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 3, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;wils1156.mtd